**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ANCHOR LINE, LTD., et al., Defendants.**

**No. 65 Civ. 160.**

United States District Court
S. D. New York.

Sept. 30, 1965.

See also D.C., 232 F.Supp. 379.

Robert M. Morgenthau, U. S. Atty., for plaintiff; Louis E. Greco, Atty. in Charge, Gilbert S. Fleischer, Atty., Admiralty & Shipping Section, Dept. of Justice, of counsel.

Kirlin, Campbell & Keating, New York City, for defendants; Elmer C. Maddy, New York City, Ronald A. Capone, Robert Henri Binder, Washington, D. C., John Williams, of counsel.

WYATT, District Judge,

This is a motion by defendants, said to be under Fed.R.Civ.P. 12(b), for an order dismissing the action because "on the face of the amended complaint" it appears that there is a lack of jurisdiction over the subject matter. (It does not appear that there has been any "amended complaint"; this reference in the notice of motion must be an error.)

Defendants have submitted documentary evidence outside of anything referred to in the complaint. The Government has objected to consideration of anything except the complaint, but the course followed by defendants seems plainly proper for the reasons set out in 2 Moore's Federal Practice (2d ed.)

2247–57 and in the authorities there cited.

■ The action is by the United States to recover penalties for an alleged violation by defendants of 46 U.S.C. § 814, sometimes referred to as Section 15 of the Shipping Act. That section requires copies of certain agreements by water carriers to be filed with the Federal Maritime Board (now the Federal Maritime Commission, Reorganization Plan No. 7 of 1961, 5 U.S.C. § 133z–15 (note), referred to herein as the "Commission"). That section also provides in relevant part as follows:

"Whoever violates any provision of this section or of section 813a of this title shall be liable to a penalty of not more than $1,000 for each day such violation continues, to be recovered by the United States in a civil action."

The United States has filed its complaint in reliance on the quoted provision. The complaint alleges in substance that defendants made an agreement required to be filed and approved by the Commission but did not file it or secure approval.

The contention for defendants, supported by scholarly arguments and a number of cited precedents, is that the subject matter of this action is within "the exclusive preliminary jurisdiction" (United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 485, 52 S.Ct. 247, 76 L.Ed. 408 (1932)) of the Commission and that, until the Commission has passed upon the matter, this Court is without jurisdiction. See also Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

The situation at bar, however, is tolerably simple and plainly the contention for defendants has no merit.

The precedents cited to support this motion all dealt with disputes—mostly between competitors and all or nearly all involving alleged violations of the anti-trust laws—presented to the Court as an equity matter for decision by the Court alone as a Chancellor. Thus, United States Navigation Co., above, was a suit by a shipping company to enjoin alleged violations of the anti-trust laws by competitors. So also was Far East Conference, above, except that the plaintiff was the United States rather than a competitor. Nothing in the Shipping Act authorized the suits. The doctrine of primary jurisdiction in the Commission was of the highest significance because the Shipping Act (46 U.S.C. § 814) exempts from the operation of the anti-trust laws certain agreements when approved by the Commission. Moreover, preliminary findings by an expert administrative body would be of great value to a court in deciding an equity suit involving concepts of reasonableness, fairness and the like.

On the other hand, Congress has specified exactly the procedure which the Government is here following. For violations of 46 U.S.C. § 814 a specific penalty is provided "to be recovered by the United States in a civil action." This can only mean a "civil action" brought in a *court;* a "civil action" could not be brought in the Commission. It may be noted that when Congress meant the Commission to act, it specifically so provided. For example, 46 U.S.C. § 821 authorizes complaints of violations to be filed with the Commission and provides that the Commission "may direct the payment * * * of full reparation to the complainant for the injury caused by such violation."

In the recovery of penalties (as opposed to "reparation"), however, there is no place for the Commission. Had Congress meant that the United States before recovery of penalties had to secure Commission action, it would have said so. For this Court to impose such a requirement would amount to judicial legislation.

The "civil action" here commenced by the Government is intended by the statute to take the normal course of such actions. For example, it would appear that there is a right to trial by jury. 2 Moore's Federal Practice (2d ed.) 231. See also Damsky v. Zavatt, 289 F.2d 46 (2d Cir. 1961). To force the Govern-

ment to try the case twice, once before the Commission and then before this Court, would be confusing, duplicative, and expensive.

The only decisions which have been cited where the action was to recover penalties under 46 U.S.C. § 814 are those by Judge Weigel in the Northern District of California (United States v. Ditlev-Simonsen Lines and others, No. 41912, October 9, 1964) and by Judge Tyler in this Court (United States v. Federal Steam Navigation Company and others. No. 64 Civ. 2061, September 1, 1965). Both decisions were that the doctrine of exclusive primary jurisdiction in the Commission was not applicable. I agree.

The motion is denied.

So ordered.